# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40091
Summary Calendar

———————————

Eric Brown; Rosalind A. Brown,

*Plaintiffs—Appellants*,

*versus*

PennyMac Loan Services, L.L.C.,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2024

Lyle W. Cayce
Clerk

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:23-CV-377

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Homeowners Eric and Rosalind Brown, pro se, sued their mortgage lender, PennyMac Loan Services, LLC, under a novel legal argument to declare their home free and clear of its mortgage. The district court

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40091

dismissed the Browns' lawsuit for failing to state a claim upon which relief can be granted, which they now appeal.  We AFFIRM.

I.

The Browns purchased their home with a $377,240.00 loan from PennyMac in April 2021.  PennyMac secured the mortgage loan through a signed promissory note and a deed of trust.  PennyMac, however, sold that promissory note to JP Morgan, thus separating the note from the deed of trust, which PennyMac retained.

The Browns filed suit against PennyMac in October 2021.  The Browns argued that "splitting" the note and deed of trust ended their obligation to pay their mortgage, and they now claim to own their home free and clear.  Specifically, the Browns brought claims for breach of contract and slander of title.  They also sought declaratory relief and to quiet title.

The district court dismissed all claims under Fed. R. Civ. P. 12(b)(6) for failing to state a claim.  The Browns now appeal that dismissal.

II.

We review de novo whether a complaint pleads a claim that is plausible on its face under Rule 12(b)(6).  *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

No. 24-40091

## III.

On appeal, the Browns argue that the district court erred by granting PennyMac's motion to dismiss. Specifically, the Browns argue that PennyMac violated the terms of the deed of trust by splitting the mortgage from the note, which rendered the deed of trust unenforceable.

This court, however, has previously rejected this "split-the-note" theory. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255-56 (5th Cir. 2013). Moreover, the Browns do not point to any contractual language in the deed of trust that otherwise excuses payment. In short, the Browns have not pleaded a basis to show that their mortgage obligation has been satisfied. It follows that their claims to quiet title, slander of title, and declaratory relief are meritless.

## IV.

We thus conclude: the district court properly dismissed the Browns' lawsuit under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, and accordingly, the judgment of the district court dismissing the case is, in all respects,

AFFIRMED.